## Cohen v. Murphy

*Richard Block*, for plaintiff.
*George Gershenfeld*, for defendant.

BULLOCK, *J.*, May 24, 1979—Before us are exceptions to an order entered on October 6, 1978, pursuant to a non-jury trial, in which the court found for plaintiff, against defendant, in the sum of

$8,000, plus interest from October 10, 1973. The testimony at trial warranted finding the following facts: On or about November 20, 1970, defendant engaged plaintiff, an attorney, to represent her in her domestic problems; plaintiff continued to represent her until she discharged him on October 10, 1973. During this time, plaintiff successfully represented defendant at five support arrears hearings. Additionally, in February of 1971, he filed a suit in equity concerning the defendant's rights arising out of property held by the entireties and a business allegedly shared with her husband. This suit has never been resolved, although plaintiff negotiated a settlement whereby defendant would have received $45,000, the cost of the divorce and certain support payments of $100 a week. On or about August 30, 1973, however defendant repudiated the agreement which she had accepted earlier. In October, 1973, she discharged plaintiff. At that time, plaintiff submitted his bill for his services in the sum of $15,000.

Defendant makes two contentions: (1) The evidence was insufficient to establish either the existence of a contingent fee agreement or the quantum meruit value of the services rendered by plaintiff. (2) Assuming plaintiff met his burden of proof, the amount of said verdict was excessive.

It was clear to us from the testimony in this case that it was agreed that (a) plaintiff would be paid by defendant for his services, (b) payment would be made from money received by defendant in a settlement with her husband, and (c) the determination of the amount was to await time of payment.

There was nothing in the case to indicate to us that plaintiff did not serve defendant competently.

It appears that plaintiff decided upon a fee of $15,000, both as a contingent fee based on a

$45,000 settlement figure obtained by him and as a figure based on a hourly rate of $75 plus $300 per court hearing for seven hearings and costs. Plaintiff, however, was unable to document the number of hours spent representing defendant.

This case, in our view, exemplifies the evil of inadequate initial agreement between attorney and client. Such a loose arrangement may work when everything goes well and the client's confidence in the attorney persists. It often happens, however, as here, that a client becomes dissatisfied and does not feel he or she is benefiting from the attorney's services. We believe there should have been some initial specific agreement to cover such a contingency. Moreover, we believe the keeping of adequate records of time spent on a client's case is in order. A client is naturally unhappy to be confronted with what appears to be an arbitrary figure. At the same time, a client who does not insist upon a specific representation agreement should have reason to anticipate charges may be higher than he would have suspected.

We agree with defendant that a specific contingent agreement has not been proved. We do not agree, however, that the record contains insufficient information for the court to make an award on a quantum meruit basis. It was apparent that plaintiff had done considerable work for defendant, that he had deferred receipt of his fee and that he assumed the risk of what actually happened here. Our award was our conservative evaluation of the value of plaintiff's services. Since the services involved were legal services, we do not believe expert testimony was required as to their value. We believe the court had a right to take judicial notice of

the value of legal services. The case of LaRocca Estate, 431 Pa. 542, 246 A. 2d 337 (1968), cited by defendant, provides that award of an attorney's fee is within the sound discretion of a trial court. Although that case was an orphans' court case, we see no reason why the same principle should not apply in a case like the present. We have, moreover, reviewed the various factors to be considered, as set forth in LaRocca. We believe that if we have erred, we have erred in favor of defendant.

## ORDER

And now, May 24, 1979, defendant's exceptions to the order of this court dated October 6, 1978, awarding plaintiff $8,000 with interest from October 10, 1973, are hereby dismissed. Judgment is entered hereby in favor of plaintiff against defendant accordingly.